UNITED STATES DISTRICT COURT                    ECF CASE

SOUTHERN DISTRICT OF NEW YORK                   08 CV 3883 (PKC)

| | |
|---|---|
| CAPIGLIANI UOMO ITALY,<br><br>                            Plaintiff,<br>       - against -<br><br>ORIENT EXPRESS CONTAINER CO., INC.,<br><br>                            Defendant. | VERIFIED COMPLAINT IN ADMIRALTY |

Plaintiff, by its attorneys, Cichanowicz Callan Keane Vengrow & Textor, LLP, for its complaint, alleges on information and belief:

1.      The jurisdiction of this Court is based upon the admiralty and maritime nature of the claims within the meaning of 28 U.S.C. 1333(1) and F.R.Civ.P. 9(h).

## COUNT 1

2.      Plaintiff was the owner, purchaser, and shipper of a containerized shipment of 2,961 suits (hereafter, the "Shipment") which moved from Qingdao, China to New York, New York in August of 2007.

3.      Defendant, ORIENT EXPRESS CONTAINER CO., INC. ("hereafter "OECC"), is an Ocean Transportation Intermediary (hereafter, "OTI") as defined by the Shipping Act of 1984 (Amended) and OECC carried plaintiff's Shipment, or caused it to be carried, onboard the MV DA HE.

4.      In its role as OTI, OECC held itself out as a transportation specialist and in such role, it entered into a contract of affreightment with plaintiff to carry the Shipment from Qingdao

to New York via its Mini-Landbridge Service (hereafter, "MLB") (i.e., overland by rail or truck) from west coast ports.

5. Prior to the shipment, plaintiff instructed, and OECC accepted and agreed, that the Shipment was to be carried by sea to the U.S. west coast, and then via OECC's MLB to New York so that the shipment would not take longer than 12 days and so that it would not be exposed to the heat and humidity of a transit through the Panama Canal and the Gulf of Mexico which would cause serious damage to the Shipment.

6. Contrary to plaintiff's instructions, and in fundamental breach of its agreement with plaintiff, OECC caused the Shipment to move entirely by sea through tropical regions such as the Panama Canal and the Gulf of Mexico during the heat and humidity of summer.

7. As a result of the foregoing, plaintiff's shipment was delivered late and suffered physical loss and damage which amounts to $450,000, no part of which has been paid although duly demanded..

8. Defendant's acts and omissions constitute a fundamental breach of the contract of affreightment and an unreasonable deviation ousting the contract and making defendant liable as well for plaintiff's indirect and consequential damages in an amount yet to be determined.

COUNT 2

9. Plaintiff repeats and realleges the allegations of paras. 1 – 8 above.

10. On or about July 18, 2007, defendant, OECC, sent Mr. Shin Chiang (OECC's Account Executive) and Mr. Len Chang (its Sales Manager) to plaintiff's offices at 350 Fifth Avenue in New York City for the purpose of soliciting business from plaintiff.

11. Acting on OECC's behalf, Messrs. Chiang and Chang met with Jaques Amsel, plaintiff's owner and principal officer.

12. During that meeting, as part of their effort to persuade plaintiff to use OECC for its import shipments, Messrs. Chiang and Chang represented and warranted that the transportation services offered by OECC were both competitive in rates as well as being tailored to meet each customer's individual requirements.

13. Also during that meeting, Mr. Amsel, on behalf of plaintiff, explained that plaintiff was importing the Shipment comprising first quality, expensive men's suits from the far east and that the suits had special requirements including that carriage must be by MLB across the U.S. and not by sea through the Panama Canal where exposure to heat, humidity and moisture would damage the suits.

14. In response, Messrs. Chang and Chiang, in order to induce plaintiff to do business with OECC, represented and warranted that plaintiff's Shipment would be handled strictly in accordance with plaintiff's instructions.

15. In reliance upon such representations and warranties, plaintiff agreed to use defendant, OECC, on a trial basis for the Shipment, and caused the booking to be made on or about July 18, 2007.

16. In an email dated July 18, 2007 to OECC's office in China, Mr. Shin Chiang, acting on OECC's behalf, advised of plaintiff's shipping requirements, including that the shipment move by "MLB service from QDO to NY."

17. However, contrary to OECC's representations and warranties, and in a fundamental breach of and deviation from its agreement with plaintiff, OECC neglected, failed and refused to ship the Shipment via MLB as it was supposed to do. Instead, the Shipment was

3

placed onboard the MV DA HE and carried to New York by way of the Panama Canal which left it exposed to the conditions of heat, humidity and moisture that OECC had agreed it would not be.

17. As a result of the foregoing, plaintiff's Shipment arrived in New York late and suffered physical damage that prevented plaintiff from making delivery of the goods to its customer as promised and left plaintiff with no means to replace the damaged merchandise.

18. By email dated August 24, 2007 addressed to plaintiff, OECC's Sales Manager acknowledged the problem and wrote in relevant part:

> First please accept my apologies for the late reply and this incident had happened that is causing you a lot of headache and stress. Please do understand that OEC stands behind our service 200% … . We did not intend this to happen but unfortunately from time to time incident does happen. It happened on this trial shipment on a very import customer.  *** Unfortunately the operating personal [*sic*] at the China Terminal made a fatal mistake to load the container onto the All Water vessel instead of the MLB vessel … .

19. As a result of the foregoing, plaintiff has suffered damages of $450,000 as a result of the physical damage to the suits as well as consequential and indirect damages in an amount yet to be ascertained. Despite standing behind its service "200%", defendant, OECC, has paid no part of that amount.

20. Defendant is liable on theories of fundamental breach of contract, breach of warranty, and negligent misrepresentation.

A. WHEREFORE, plaintiff respectfully requests the following relief:

(a) That process in due form of law according to the practice of this Court in cases of admiralty and maritime jurisdiction issue against the defendant, citing it to appear and answer under oath all and singular the matters alleged;

(b)     That if defendant, ORIENT EXPRESS CONTAINER CO., INC., cannot be found within the district pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, that this Court issue Process of Maritime Attachment and Garnishment, attaching all property within this district in which the said defendant has an interest up to the amount sued for;

(c)     That plaintiff have judgment for the full amount of its claim together with interest plus the costs and disbursements of this action.

Dated:     New York, NY, April 24, 2008

CICHANOWICZ CALLAN KEANE VENGROW & TEXTOR, LLP
61 Broadway, Ste. 3000, New York, NY 10006 – 212-344-7042
Attorneys for Plaintiff

By:    /s/ _____Paul M. Keane_____
         PAUL M. KEANE [PK-5934]

ATTORNEY VERIFICATION

The undersigned declares that the following statement is true under the penalties of perjury:

1. I am over 18 years of age, of sound mind, capable of making this verification and fully competent to testify to all matters stated herein.

2. I am attorney for the plaintiff in this action and I am fully authorized to make this verification on its behalf.

3. I have read the foregoing complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4. The reason that this verification was made by me and not the plaintiff is that the plaintiff is a corporation.

5. The source of my knowledge is information and records furnished to me by the plaintiff all of which I believe to be true and accurate.

Dated: New York, New York

April 23, 2008

                                                 _____Joseph De May, Jr._____

                                                 Joseph De May, Jr. [JD-9105]