DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant
ORIENT EXPRESS CONTAINER CO., INC.
131 East Thirty-Eighth Street
New York, N.Y.  10016
(212) 889-2300
PETER J. ZAMBITO (9362 PZ)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CAPIGLIANI UOMO ITALY,

          Plaintiff,

- against -

ORIENT EXPRESS CONTAINER CO., INC.,

          Defendant.
----------------------------------------------------------X

ECF CASE

08 Civ. 3883 (PKC)

VERIFIED ANSWER

Defendant ORIENT EXPRESS CONTAINER CO., INC. (hereinafter "OECC"), by its attorneys, DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, answering the Verified Complaint propounded by the plaintiff herein, respectfully shows to the Court and alleges upon information and belief as follows:

1.  Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 1 and 2 of the Complaint.

2.  Admits that OECC is a non-vessel operating common carrier and arranged for the shipment in suit to be carried on board the MV DA HE and, except as so admitted, denies the allegations contained in paragraph 3 of the Complaint.

3. Admits that OECC entered into a contract of affreightment (Bill of Lading) to have the shipment carried from Qingdao to New York and, except as so admitted, denies the allegations contained in paragraph 4 of the Complaint.

4. Denies the allegations contained in paragraphs 5, 6, 7 and 8 of the Complaint.

ANSWERING COUNT 2

5. Defendant repeats and realleges each and every paragraph heretofore set forth with the same force and effect as if set forth here at length.

6. Admits that on or about July 18, 2007 Mr. Shin Chiang (OECC's Account Executive) and Mr. Len Chang (its Sales Manager) went to plaintiff's offices at 350 Fifth Avenue in New York City for the purpose of soliciting business from plaintiff and, except as so admitted, denies the allegations contained in paragraph 10 of the Complaint.

7. Admits that acting on OECC's behalf, Messrs. Chiang and Chang met with Jaques Amsel and, except as so admitted, denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Complaint.

8. Denies the allegations contained in paragraphs 12, 14, 17, 17 (there are two paragraphs 17 in the Complaint), 19 and 20 of the Complaint.

9. Admits that also during that meeting, Mr. Amsel, on behalf of plaintiff, explained that plaintiff was importing the Shipment of men's suits from the far east and expressed a preference that carriage be by MLB and, except as so admitted, denies the allegations contained in paragraph 13 of the Complaint.

10. Denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 15 of the Complaint.

11. Admits that in an email dated July 18, 2007 to OECC's office in China, Mr. Shin Chiang, acting on OECC's behalf, advised that the consignee required a very clean container with a single bar with loops including that the new customer would be shipping 1 x 45' Gott via KIN MLB service and inquired about the availability of such service from QDO to NY and, except as so admitted, denies the allegations contained in paragraph 16 of the Complaint.

12. Admits that by email dated August 24, 2007 addressed to Mr. Jack Amsel, Mr. Len Chang wrote as to the matter in greater detail than as alleged, which email was sent before Mr. Chang knew that the shipper had changed the instructions to All Water service, with New York as the Port of Discharge, and that it was not OECC's fault, but that of the shipper and, except as so admitted, denies the allegations contained in paragraph 18 of the Complaint.

FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

13. The Complaint fails to state a cause of action against defendant OECC upon which relief can be granted.

FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

14. At the time the suit was commenced in this action or at the time when any loss or damage was sustained by the goods, or at any other material time, the plaintiff herein was not the real party in interest.

FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

15. The said shipment was transported on the said vessel and was discharged and delivered subject to the bill of lading issued therefor, and tariffs by which the shippers, owners, consignees and holders of said bill of lading agreed to be and are bound, and were subject also to the provisions of the United States Carriage of Goods by Sea Act, approved April 16, 1936 and/or the Harter Act. Any loss/or injury and/or damage alleged to have been suffered by the

shipment was due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act and/or Harter Act and/or provisions of the said bill of lading and/or tariffs and/or other applicable provisions of the contract of carriage or of law.

## FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

16. The United States Carriage of Goods by Sea Act provided in Section 1304 thereof, among other things, as follows:

"(2) Neither the carrier nor the ship shall be held responsible for loss or damage arising or resulting from -

(a) Act, neglect or default of the master, mariner, pilot or the servants of the carrier in the navigation or in the management of the ship;

* * * * * * *

c) Perils, dangers and accidents of sea or other navigable waters;

(d) Act of God;

* * * * * * *

(i) Act or omission of the shipper or owner of the goods, his agent or representative;

(m) Wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vice of the goods;

(n) Insufficiency of packing;

(p) Latent defects not discoverable by due diligence; and,

(q) Any other cause arising without the actual fault or privity of the carrier and without the fault or neglect of the agents or servants of the carrier, but the burden of proof shall be on the person claiming the benefit of this exception to show that neither the actual fault or privity of the carrier nor the fault or neglect of the agents or servants of the carrier contributed to the loss or damage."

17. By reason of the foregoing provisions or any of them, the defendant OECC should be under no responsibility for the damages.

FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

18. The shipper sent booking instructions to OECC's office in Qingdao providing for loading at Qingdao and discharge at New York, i.e., All Water service, and OECC booked the shipment as such with "K" Line.

FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

19. The Entry by plaintiff declares a value of $79,207, whereas the suit alleges damages of $450,000. By reason of plaintiff's declaration, liability, if any, should be limited to $79,207.

20. Plaintiff has failed to mitigate the damages alleged.

WHEREFORE, defendant prays that the Complaint herein be dismissed, together with the costs and disbursements of this action, including reasonable counsel fees, and for such other, further or different relief as to this Court may be just and proper.

Dated: New York, New York
July 14, 2008

DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION
Attorneys for Defendant

/S/
PETER J. ZAMBITO       (9362 PZ)

OFFICE & P.O. ADDRESS:
131 East Thirty Eighth Street
New York, N.Y. 10016
(212) 889-2300

VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

PETER J. ZAMBITO, being duly sworn, deposes and says:

I am attorney and member of the firm of DOUGHERTY, RYAN, GIUFFRA, ZAMBITO & HESSION, attorneys for defendant ORIENT EXPRESS CONTAINER CO., INC. herein:

I have read the foregoing Verified Answer, know the contents thereof; and the same is true to the best of my knowledge, information and belief;

The sources of my information and the grounds of my belief are documents in the possession of this firm furnished by the defendant;

The reason this Verification is made by deponent and not by the defendant is that the defendant is not a resident of the County of New York and is not presently within this County.

PETER J. ZAMBITO

Sworn to before me this 14th
day of July 2008

Notary Public

LISA A. GACCIONE
Notary Public, State of New York
No. 01GA4833194
Qualified in Kings County
Commission Expires November 30, 2011